```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

ALADDIN ABDAL RAHMIN,                :

                  Plaintiff,         :    11 Civ. 2924 (LTS)(HBP)

     -against-                       :    REPORT AND
                                          RECOMMENDATION
THE CITY OF NEW YORK, et al.,        :

                  Defendants.        :

-----------------------------------X
```

        PITMAN, United States Magistrate Judge:

        TO THE HONORABLE LAURA TAYLOR SWAIN, United States District Judge,

        In several letters submitted to my chambers, the parties seek various forms of dispositive and non-dispositive relief.  Plaintiff seeks the entry of a default judgment against all defendants.  The City of New York (the "City"), in addition to opposing plaintiff's motion, seeks an extension of time to answer or move with respect to the complaint.  Finally, defendants N. Almonte and Joseph Matarazzo seek dismissal of the complaint based on plaintiff's failure to serve them.  For the reasons stated below, I respectfully recommend that plaintiff's application for a default judgment be denied, that the City's motion for an extension of time be granted and that Almonte and

Matarazzo's motion to dismiss the complaint be denied without prejudice.

This is a civil rights action brought pursuant to 42 U.S.C. § 1983.  In substance, plaintiff alleges that, on or about January 24, 2010, he was arrested by defendants Almonte and Matarazzo without probable cause and that they used unnecessary and excessive force against him by placing him in handcuffs that were "excruciatingly tight."  Plaintiff further alleges that after his hands were cuffed behind his back, Almonte and Matarazzo caused him to fall, causing plaintiff to strike his head and suffer a concussion.

To the extent plaintiff seeks a default judgment, he is not entitled to relief because the only defendant that has been served in this matter is the City, and it was not served April 10, 2012.  There is nothing in the record establishing that Almonte and Matarazzo were ever served.  Because no defendant is actually in default, there is no basis for the entry of a default judgment.

To the extent Almonte and Matarazzo seek dismissal of the complaint, I recommend that their motion be denied.  Although Almonte and Matarazzo are correct that plaintiff has failed to serve them within the time required by Fed.R.Civ.P. 4(m), the statute of limitations has not run on plaintiff's claim against

2

them, and the language of Rule 4(m) requires that any dismissal for failure to serve be without prejudice. Thus, there would no impediment to plaintiff commencing a separate action against Almonte and Matarazzo and then seeking to consolidate it with this action. Because proceeding in such manner wold only generate movement without progress, I recommend that Almonte and Matarazzo's motion to dismiss be denied without prejudice and that plaintiff be given a final opportunity to complete service within 60 days.

Finally, I recommend that the City's application for an extension of time until June 29, 2012 to move or answer be granted and that the City be directed to provide plaintiff with HIPPA releases and authorizations for release of pertinent criminal records within fourteen (14) days of the date of this Report and Recommendation.

Accordingly, for all the foregoing reasons, I respectfully recommend that (1) plaintiff's application for a default judgment be denied; (2) Almonte and Matarazzo's motion to dismiss the complaint be denied without prejudice; (3) plaintiff be ordered to complete service on Almonte and Matarazzo no later than June 18, 2012; (4) that the City's application for an extension of time to answer or move until June 29, 2012 be granted and (5) that the City be directed to provide plaintiff

with HIPPA releases and authorizations for release of pertinent criminal records within fourteen (14) days of the date of this Report and Recommendation.

OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections.  See also Fed.R.Civ.P. 6(a).  Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable Laura Taylor Swain, United States District Judge, 500 Pearl Street, Room 755, and to the Chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007.  Any requests for an extension of time for filing objections must be directed to Judge Swain.  FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW.  Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair

Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-238 (2d Cir. 1983).

Dated:  New York, New York
        April 18, 2012

                                    Respectfully submitted,

                                    _____
                                    HENRY PITMAN
                                    United States Magistrate Judge

Copies transmitted to:

Mr. Aladdin Abdal Rahim
Apt. 10-G
340 West 28th Street
New York, New York  10001

Shawn R. Clark, Esq.
Assistant Corporation Counsel
City of New York
100 Church Street
New York, New York  10006