UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
ALADDIN ABDAL RAHIM,

        Plaintiff,

 -v-                                                                                   No.  11CV2924-LTS-HBP

THE CITY OF NEW YORK, et al.,

        Defendants.
--------------------------------------------------------x

### ORDER ADOPTING REPORT AND RECOMMENDATION

        Pro se Plaintiff Aladdin Abdal Rahim ("Plaintiff") brings this action, pursuant to 42 U.S.C. § 1983, against the City of New York, N. Almonte, and Joseph Matarazzo (collectively, "Defendants"),[1] alleging that he was arrested without probable cause and subjected to excessive force.  Magistrate Judge Henry B. Pitman issued a Report and Recommendation ("Report"), recommending that the action be dismissed without prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  Plaintiff filed timely objections to the Report, and Defendants filed a response to Plaintiff's objections.  The Court has considered carefully the Report, and the parties' submissions, and hereby adopts the Report in its entirety.

        In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C.S. § 636(b)(1)(C) (LexisNexis 2012).  The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases

---

[1]    The action was previously dismissed as against the New York Police Department and the New York City Law Department.  (See docket entry no. 9.)

supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." Adams v. New York State Dep't of Educ., 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (citing Fed. R. Civ. P. 72(b)). The Court must "make a de novo determination as to the aspects of the Report to which specific objections are made." United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). However, if the "party's objections . . . are 'conclusory or general,'" the Court will review the report solely for clear error. Williams v. City of New York, No. 12CV8518, 2014 WL 1383661, at *5 (S.D.N.Y. Mar. 26, 2014) (quoting Barratt v. Joie, No. 96CV0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)).

Pro se parties are "entitled to a liberal construction of their papers, which should be read 'to raise the strongest arguments that they suggest.'" Rodriguez v. Barnhart, 01CV3411, 2002 WL 31875406, at *3 (S.D.N.Y. Dec. 24, 2002) (quoting Graham v. Henderson, 89 F. 3d 75, 79 (2d Cir. 1996)). However, "[e]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Machicote v. Ercole, No. 06CV13320, 2011 WL 3809920, at * 2 (S.D.N.Y. Aug. 25, 2011) (quoting Pinkney v. Progressive Home Health Servs., No. 06CV5023, 2008 WL 2811816 (S.D.N.Y. July 21, 2008)).

The Report recommends a finding that Plaintiff had failed to prosecute because of his lengthy period of inactivity and failure to attend two conferences on the matter. (Report at 3.) Plaintiff objects, proffering that he did not receive notice of the pre-trial conferences in a timely fashion because (i) he was evicted from his apartment on September 30, 2013, and did not have access to his mailbox, (ii) Defendants could have called him to remind him of the pre-trial conference dates, and (iii) before he underwent surgery on May 23, 2013, he was in excruciating

pain and was disabled.  (Pl.'s Objections, at 2-3.)  In light of Plaintiff's pro se status and the nature of the litigation impediments he cites, the Court will exercise its discretion to review de novo Plaintiff's objections, which were not part of the record when the Report was issued.

       Plaintiff's arguments do not address the ten-month period of inactivity between the initial scheduling conference on July 17, 2012, where Plaintiff was told in person he had to comply with discovery requests from Defendants by August 17, 2012, and Plaintiff's surgery on May 23, 2013.  (See Def.'s Response, Exhibit C.)  Within that ten-month period, Plaintiff did not respond to Defendants' discovery demands or provide Defendants with any discovery requests of his own.  (Report at 1.)  Plaintiff's inactivity within those ten months alone is sufficient to warrant dismissal of this action for failure to prosecute.  See Mercedes v. New York D.O.C., No. 12 Civ 2293, 2013 WL 6153208, at *2 (S.D.N.Y. Nov. 21, 2013) (dismissing case where "Plaintiff ha[d] failed to keep th[e] Court apprised of an apparent change in his address, and it also seems that Plaintiff ha[d] made no effort to prosecute this case in the last nine months."); see also Ortiz v. United States, No. 01CV4665, 2002 WL 1492115, at *2 (S.D.N.Y. July 11, 2002).  Additionally, Plaintiff does not provide any extenuating circumstances that would have explained his inactivity within that ten-month period, especially since he was made aware of the discovery deadline at his initial scheduling conference and Defendants allege that no mail was returned to them undelivered.  (Def.'s Response, at 2-3.)  His eviction on September 30, 2013, and lack of mailbox do not explain the inactivity in the months after the initial scheduling conference, as his eviction occurred more than a year later.  Nor does his allegation of pain from an injury that allegedly occurred in March 2012 explain his complete unresponsiveness to directions from the Court and discovery requests from Defendants.  Plaintiff certainly had the opportunity to contact the Pro Se Office in this District or counsel for Defendants to ascertain the

dates or request extensions.

Plaintiff argues that he did not attend the conferences on the matter because he was not informed of them in a timely manner. (Pl.'s Objections, at 2.) Plaintiff was evicted on September 30, 2013, but did not inform the Pro Se Office of his change of address until December 2013, which is sufficient neglect to warrant dismissal of this case for failure to prosecute. See Ortiz, 2002 WL 1492115, at *2 (dismissing case for failure to prosecute where "[p]laintiff ha[d] not even fulfilled his minimal obligation to keep the pro se office of this Court informed of his change of address."). It is a plaintiff's responsibility to notify the Court of a change of address. See Wilson v. New York City Corp. Counsel, No. 07CV3658, 2008 WL 516014, at *1 (S.D.N.Y. Sept. 28, 2007). Plaintiff was made aware of his duty explicitly in the Pro Se Acknowledgment Letter he received when he first filed his initial complaint. The letter stated in bold, "[y]ou must immediately notify the court of any change of your address by submitting a letter to the pro se office or you may risk dismissal of your case." (Def.'s Response, Exhibit B.) In addition, there is no factual support to demonstrate that Defendants or the Pro Se Office had Plaintiff's phone number on file and could have reached him. (Def.'s Response, at 3 No. 2.)

Plaintiff's objections are without merit, and the Court finds that the Report's recommendation that the case be dismissed for failure to prosecute is appropriate.

## CONCLUSION

The Court adopts the Report in its entirety for the reasons stated above and hereby dismisses Plaintiff's complaint without prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is respectfully directed to enter judgment and close this case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: New York, New York
April 2, 2015

  /s/ Laura Taylor Swain  
LAURA TAYLOR SWAIN  
United States District Judge

Copy mailed to:
Aladdin Abdal Rahim
P.O. Box 837
New York, NY 10116